1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KIM EDWARD ROGERS,                    No.  2:22-cv-1955 DAD DB PS

12                    Plaintiff,

13        v.                               ORDER

14   SCOTT JONES, et al.,

15                    Defendants.

16

17        Plaintiff Kim Edward Rogers is proceeding in this action pro se.  This matter was referred

18   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

19   before the court are plaintiff's complaint, amended motion to proceed in forma pauperis pursuant

20   to 28 U.S.C. § 1915, motion for a temporary restraining order, and "motion to add defendants."

21   (ECF Nos. 1, 3, 4, & 7.)  The complaint appears to concern actions surrounding a foreclosure.

22        The court is required to screen complaints brought by parties proceeding in forma

23   pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24   2000) (en banc).  Here, plaintiff's complaint is deficient.  Accordingly, for the reasons stated

25   below, plaintiff's complaint will be dismissed with leave to amend.[1]

26   ////

27
     _____

28   [1] Because plaintiff's complaint will be dismissed with leave to amend, plaintiff's motion to add
     defendants will be denied as having been rendered moot.

                                            1

1    **I.       Plaintiff's Application to Proceed In Forma Pauperis**

2            Plaintiff's in forma pauperis application makes the financial showing required by 28

3    U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma

4    pauperis status does not complete the inquiry required by the statute.  "'A district court may deny

5    leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

6    complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d

7    1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th

8    Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th

9    Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed

10   IFP because it appears from the face of the amended complaint that McGee's action is frivolous

11   or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the

12   District Court to examine any application for leave to proceed in forma pauperis to determine

13   whether the proposed proceeding has merit and if it appears that the proceeding is without merit,

14   the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

15           Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of

16   poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to

17   state a claim on which relief may be granted, or seeks monetary relief against an immune

18   defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an

19   arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v.

20   Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a

21   complaint as frivolous where it is based on an indisputably meritless legal theory or where the

22   factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

23           To state a claim on which relief may be granted, the plaintiff must allege "enough facts to

24   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

25   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

26   true the material allegations in the complaint and construes the allegations in the light most

27   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.

28   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

2

(9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief.  In this regard, the complaint alleges that on October 27, 2022, "defendant(s) the Sacramento County Sheriff's Civil Division violated plaintiff's vested rights under the Fourth Amendment" in connection with "the unlawful foreclosure process other actions so mentioned in Complaint."  (Compl. (ECF No. 1) at 6.)  The complaint asserts that "notice was repeatedly give[n] . . . that this action taken by county officials was no longer under their jurisdiction" apparently because a separate civil action was filed in this court on October 11, 2022, meaning "the entire matter became a federal question."  (Id.)

The complaint, however, is devoid of any factual allegations or stated claims.  Instead, the complaint consists entirely of vague and conclusory allegations.   Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of

////

1  particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones,

2  733 F.2d at 649.

3       The complaint does vaguely reference "the Fourth Amendment."  (Compl. (ECF No. 1) at

4  6.)  The Fourth Amendment protects persons against "unreasonable searches and seizures." U.S.

5  Const. amend. IV.  The Supreme Court "has stated 'the general rule that Fourth Amendment

6  seizures are 'reasonable' only if based on probable cause' to believe that the individual has

7  committed a crime."  Bailey v. U.S., 133 S. Ct. 1031, 1037 (2013) (quoting Dunaway v. New

8  York, 442 U.S. 200, 213 (1979)).  "Probable cause exists when officers have knowledge or

9  reasonably trustworthy information sufficient to lead a person of reasonable caution to believe

10  that an offense has been or is being committed by the person being arrested."  United States v.

11  Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).

12       "Alternatively, this court has defined probable cause as follows: when 'under the totality

13  of circumstances known to the arresting officers, a prudent person would have concluded that

14  there was a fair probability that [the defendant] had committed a crime.'"  Id. (citing United

15  States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)) (alteration in original); see also Crowe v.

16  County of San Diego, 608 F.3d 406, 432 (9th Cir. 2010) ("In determining whether there was

17  probable cause to arrest, we look to the totality of circumstances known to the arresting officers,

18  to determine if a prudent person would have concluded there was a fair probability that the

19  defendant had committed a crime.").

20       "'While conclusive evidence of guilt is of course not necessary under this standard to

21  establish probable cause, [m]ere suspicion, common rumor, or even strong reason to suspect are

22  not enough.'"  Torres v. City of Los Angeles, 548 F.3d 1197, 1206-07 (9th Cir. 2008) (quoting

23  Lopez, 482 F.3d at 1072).  "Probable cause is lacking if the circumstances relied on are

24  susceptible to a variety of credible interpretations not necessarily compatible with nefarious

25  activities."  Gasho v. United States, 39 F.3d 1420, 1432 (9th Cir. 1994) (citations omitted).

26  "Although 'police may rely on the totality of facts available to them in establishing probable

27  cause, they also may not disregard facts tending to dissipate probable cause.'"  Crowe, 608 F.3d

28  at 433 (quoting United States v. Ortiz-Hernandez, 427 F.3d 567, 574 (9th Cir. 2005)).

4

Moreover, it is generally presumed a warrantless search is unreasonable, and therefore violates the Fourth Amendment, unless it falls within a specific exception to the warrant requirement.  Riley v. California, 134 S. Ct. 2473, 2482 (2014) (citing Kentucky v. King, 563 U.S. 452 (2011)). "Warrantless searches by law enforcement officers 'are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'"  United States v. Cervantes, 703 F.3d 1135, 1138-39 (9th Cir. 2012) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

Here, however, the complaint states no facts in support of the Fourth Amendment claim. Moreover, plaintiff is advised that if the defendants were enforcing what they believed to be a valid state court judgment related to foreclosure the defendants would be "protected by quasi-judicial immunity."  Von Brincken v. Royal, No. 2:12-cv-2599 MCE CKD PS, 2013 WL 211245, at *3 (E.D. Cal. Jan. 10, 2013).

## II.    Leave to Amend

For the reasons stated above, plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**III.    Motion for Temporary Restraining Order**

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of

irreparable injury." <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. <u>Id.</u>  Moreover, the court will not entertain a motion for injunctive relief that is not supported by: (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  <u>See</u> Local Rule 231.

Here, plaintiff's application fails to comply with Local Rule 231.  Moreover, as noted above the complaint in this action fails to state a claim.  Accordingly, at this time the undersigned cannot find that plaintiff is likely to succeed on the merits.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  The complaint filed October 31, 2022 (ECF No. 1) is dismissed with leave to amend.[2]

2.  Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[3]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3.  The November 1, 2022 motion for temporary restraining order (ECF No. 4) is denied without prejudice to renewal.

4.  Plaintiff's November 3, 2022 motion to add defendants (ECF No. 7) is denied as having been rendered moot.

////

////

////

---

[2] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[3] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

1      5.  Failure to comply with this order in a timely manner may result in a recommendation

2  that this action be dismissed.

3  Dated:  April 11, 2023

4

5  _____

6  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

   DLB:6
25  DB\orders\orders.pro se\rogers1955.dism.lta.ord

26

27

28